UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | No. 08-70 |
| ELLERY BOYD | SECTION: I |

### ORDER AND REASONS

Before the Court is the motion of defendant, Ellery Boyd ("Boyd") to vacate, set aside, and/or correct his sentence pursuant to 28 U.S.C. § 2255. For the following reasons, Boyd's motion is **DENIED** and **DISMISSED WITH PREJUDICE**.

### *BACKGROUND*

On May 1, 2008, Boyd pled guilty to possession with intent to distribute 500 grams or more of cocaine hydrochloride and 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).[1] On October 2, 2008, Boyd was sentenced to a 71-month term of imprisonment, 5 years of supervised release, and a $100 special assessment.[2] Challenging his sentence on only one ground, Boyd states that:

> Recently [t]he Fair Sentencing Act of 2010 had completed the Legislative Process. Boyd received 71 months under the old law. The act will reduce the minimum from 5-40 to 0-20 months. Is Boyd entitled to relief where the ratio and the act reduced the sentencing exposure. [sic][3]

### *LAW AND ANALYSIS*

Section 2255(a) provides a prisoner in custody with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; (3) "that the

---

[1] R. Doc. No. 25.
[2] R. Doc. No. 25
[3] R. Doc. No. 26, pg. 3.

1

sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 468, 470, 7 L. Ed. 2d 417 (1962).  Section 2255 is designed to remedy constitutional errors and other injuries that could not be brought on direct appeal and would result in injustice if left unaddressed.  *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).  "[A] proceeding under Section 2255 is an independent and collateral inquiry into the validity of the conviction . . . ." *United States v. Hayman*, 342 U.S. 205, 222-23, 72 S. Ct. 263, 274, 96 L. Ed. 232 (1952).  If the court determines that the prisoner is entitled to relief "[it] shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). "The § 2255 remedy is broad and flexible, and entrusts to the courts the power to fashion an appropriate remedy." *United States v. Garcia*, 956 F.2d 41, 45 (4th Cir. 1992) (*citing Andrews v. United States*, 373 U.S. 334, 339, 83 S. Ct. 1236, 1239, 10 L. Ed. 2d 383 (1963)).  Pursuant to § 2255, the Court must grant defendant a hearing to determine the issues and make findings of fact and conclusions of law unless "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992).

    **I.**    **The Fair Sentencing Act of 2010**

As stated, Boyd attacks his sentence on the sole ground that the Fair Sentencing Act of 2010 ("FSA") – enacted almost two years after the Court sentenced Boyd – entitles him to relief because the FSA reduced sentencing exposure for crack offenses.  To the extent that Boyd asserts that the enactment of the FSA means that his sentence was imposed in violation of the Constitution or laws of the United States, that this Court was without jurisdiction to impose such sentence, or that his sentence is otherwise subject to collateral attack, this Court disagrees.

Indeed, although the Fifth Circuit has not yet opined with respect to whether the FSA is retroactive, other United States Court of Appeals faced with this issue have determined that the FSA is *not* retroactive. *United States v. Reevey*, No. 10-1812, 2010 WL 5078239, at *3-4 (3rd Cir. Dec. 14, 2010) (unpublished) (collecting cases). As the United States Court of Appeals for the Second Circuit recently stated:

> Pursuant to the general savings statute, 1 U.S.C. § 109, "[t]he repeal of any statute shall not have the effect to release or extinguish any penalty . . . incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty[.]" In this case, the FSA contains no express statement that it is intended to have retroactive effect nor can we infer such intent from its language. As a result, the FSA cannot be applied to reduce [defendant's] sentence because, inter alia, he was convicted and sentenced before the FSA was enacted.

*United States v. Diaz*, --- F.3d ----, 2010 WL 5094222, at *1 (2d Cir. 2010). Boyd was sentenced almost two years before the enactment of the FSA. Accordingly, the enactment of the FSA affords defendant no relief and his § 2255 motion must be denied.

To the extent that Boyd's motion can be construed as asserting that his sentence was in excess of the maximum authorized by law, Boyd's motion also fails. As stated, the Court sentenced Boyd to 71 months. At the time of Boyd's sentencing in October 2008, the maximum sentence that could be imposed for a violation of 21 U.S.C. § 841(a)(1) was a term of 40 years imprisonment. 21 U.S.C. § 841(b)(1)(B) (amended 2010). Current 21 U.S.C. § 841(b)(1)(B) provides that the maximum sentence for a violation of 21 U.S.C. § 841(a)(1) is a term of 20 years imprisonment. Fair Sentencing Act of 2010, § 841(b)(1)(B) (2010). Seventy-one months is well below the maximum sentence under either the old or the new law.

II.     **18 U.S.C. § 3582**

To the extent that Boyd's motion can be construed as a motion for a sentence reduction pursuant to 18 U.S.C. §§ 3582(c)(1)(B) and/or 3582(c)(2), the motion must also be denied.  First, 18 U.S.C. § 3582(c)(1)(B) provides that, "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  As stated, the FSA has consistently been interpreted not to apply retroactively.  Accordingly, there is no express statutory basis for reducing defendant's sentence.

Second, 18 U.S.C. § 3582(c)(2) states that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

U.S.S.G. § 1B1.10(a)(1), the applicable policy statement, provides that where:

> a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in [U.S.S.G. § 1B1.10(c)], the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2).

U.S.S.G. § 1B1.10(a)(2)(A) further states that, "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if none of the amendments listed in [U.S.S.G. § 1B1.10(c)] is applicable to the defendant."

"[T]here is no amendment listed in U.S.S.G. § 1B1.10(c) that lowers a guideline range on account of the FSA."  *United States v. Millhouse*, No. 7:04-CR-85-F3, 2010 WL 4338383, at *2

(E.D.N.C. Oct. 22, 2010). Accordingly, Boyd "cannot rely on § 3582(c)(2) as a basis of authority to reduce his sentence." *Id.*[4]

## CONCLUSION

**IT IS ORDERED** that Boyd's motion to vacate, set aside, and/or correct his sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and that Boyd's petition is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Boyd's motion for a sentence reduction pursuant to 18 U.S.C. § 3582 is **DENIED**.

New Orleans, Louisiana, December __21st__, 2010.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[4] The Court notes that a defendant's sentence may also be reduced pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) & (ii). Nevertheless, for a defendant's sentence to be reduced pursuant to such sections, the Director of the Bureau of Prisons must file a motion seeking a reduction. The Director of the Bureau of Prisons has filed no such motion on Boyd's behalf. Furthermore, the government has not filed a motion for a sentence reduction pursuant to Rule 35 of the Federal Rules of Criminal Procedure.